UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-352 (ADM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAIME IRA HENNING,

        Defendant.

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through Andrew M. Luger, United States Attorney for the District of Minnesota, and James S. Alexander, Assistant United States Attorney, respectfully moves this Court, pursuant to 18 U.S.C. § 1029(c)(1)(C), and Fed. R. Crim. P. 32.2, for a Preliminary Order of Forfeiture in the above-captioned case and in support thereof represents to the Court the following:

1. On October 29, 2014, a felony Information was filed in the District of Minnesota against Defendant Jaime Ira Henning.

2. The Forfeiture Allegations of the Information sought forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B) and 1029(c)(1)(C) of all property constituting, or derived from, proceeds obtained directly or indirectly as the result of the violations charged in Count 1 of the Information, and all personal property used or intended to be used to commit the violations.

3. On November 19, 2014, the United States and the defendant entered into a Plea Agreement, whereby the defendant pled guilty to Count 1 of the Information,

charging the defendant with access device fraud, in violation of 18 U.S.C. §§ 1029(a)(3) and 1029(c)(1)(A)(i).

    4.    Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

> (b)    Entering a Preliminary Order of Forfeiture.
>
> (1)    Forfeiture Phase of the Trial.
>
> > (A)    Forfeiture Determinations. As soon as practical . . . after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.
>
> > . . . .
>
> > (B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
> (2)    Preliminary Order.
>
> > (A)    Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

5. This motion seeks the forfeiture of certain computers and electronics which were used to commit the offense at issue. During the course of the investigation, various computers and electronics were seized, including the following property:

    a. Dell Inspiron One 2305 computer, Service Tag B90F3P1;

    b. Acer Aspire One computer, Serial No. LUSAX0B0090162F5D91601;

    c. HP 2000 Notebook PC, 2000-2cl2nr, computer, Serial No. 5CG3272Y6Y;

    d. Kodak Easyshare C533 camera and case with charger, Serial No. KCFFR63642157; and

    e. Olympus Camera VG-160, Serial No. US3028874.

*See* Declaration of Troy M. Sabby ¶ 3.

6. The computers and electronics itemized in paragraph 5 above were used by the defendant to commit the access device fraud charged in Count 1 of the Information. Sabby Declaration ¶ 4. Found on the above mentioned computers during forensic examination were communications, credit card numbers, and identification photos which were all used in the bank fraud scheme. The cameras were used to take the fraudulent identification photos. *Id.*

7. Based upon the evidence set forth in the Plea Agreement, and the Declaration of Troy M. Sabby being filed contemporaneously with this motion, the United States has established the requisite nexus between the property and the offense to which the defendant has pled guilty. Accordingly, the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 1029(c)(1)(C).

8.     The United States has been in communication with Defendant's counsel about agreeing to a stipulation regarding the forfeiture of the property identified above. However, due to other case commitments, Defendant's counsel has not yet had an opportunity to discuss the forfeitures with the Defendant.

9.     Section 853(n)(1) of Title 21, as incorporated by 18 U.S.C. § 1029(c)(2), provides that, following the entry of an order of forfeiture, the United States shall publish notice of the order and may also provide direct written notice of the order to persons known to have alleged an interest in the property.

10.    Sections 853(n)(2)-(6) of Title 21 set out the process by which third parties asserting a legal interest in the property can obtain a judicial determination of the validity of the legal claims or interests they assert.

11.    Pursuant to Section 853(n)(7), following the disposition of all third party petitions or, if no such petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture.

WHEREFORE, the United States moves this Court for a Preliminary Order of Forfeiture forfeiting the above-described property to the United States.

Dated:  April 30, 2015

ANDREW M. LUGER
United States Attorney

s/ James S. Alexander

BY: JAMES S. ALEXANDER
Assistant United States Attorney
Attorney No. 166145
Email: jim.alexander@usdoj.gov
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600

5